**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESLEY MITCHELL,<br><br>            Plaintiff-Appellant,<br><br>    v.<br><br>MIKE McDONALD; et al.,<br><br>            Defendants-Appellees. | No.   15-17524<br><br>D.C. No.<br>2:11-cv-01240-JAM-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 10, 2019[**]

Before:     WALLACE, FARRIS, and TROTT, Circuit Judges

California state prisoner Wesley Mitchell appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations, arising from High Dessert Level IV maximum security prison's

imposition of a modified living conditions program designed to cope with a series

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of conspiratorial stabbings and attempted murders initiated by a prison gang: the Two-Five group. Mitchell was reliably identified as affiliated with the Two-Five gang. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Mitchell's First Amendment free exercise claim, because Mitchell failed to raise a genuine dispute of material fact as to whether he was prevented from practicing his religion during a modified program, or the modified program was insufficiently related to legitimate penalogical interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008) (elements of First Amendment free exercise claim).

The district court properly granted summary judgment on Mitchell's Eighth Amendment outdoor exercise claim, because Mitchell failed to raise a genuine dispute of material fact as to whether prison officials had no reasonable justification for depriving Mitchell of outdoor exercise. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (elements of an Eighth Amendment claim concerning deprivation of physical exercise). We reject as unsupported by the record Mitchell's argument that defendants improperly restricted his exercise privileges because defendants should have known that he was not associated with the Two-Five group. The district court correctly determined that High Desert's imposition of the modified program was justified because it was reasonably related

2                                                    15-17524

to legitimate penological interests, mainly to protect the lives and safety of inmates from Two-Five members

The district court properly granted summary judgment on Mitchell's Eighth Amendment medical deliberate indifference claim, because Mitchell failed to raise a genuine dispute of material fact as to whether defendant Clark failed to respond to a serious medical need. *See Toguchi*, 391 F.3d at 1057 (elements of medical deliberate indifference under the Eighth Amendment).

The district court properly granted summary judgment on Mitchell's Fourteenth Amendment due process claim, because Mitchell failed to raise a genuine dispute of material fact as to whether Mitchell was deprived of a constitutionally protected liberty or property interest. *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003).

**AFFIRMED.**